UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS MORALES,

        Plaintiff,

    v.

PELICAN BAY STATE PRISON, JACQUEZ, FERGUSON, and COLEMAN,

        Defendants.

        /

No. C 06-4175 PJH (PR)

**ORDER GRANTING SUMMARY JUDGMENT; RULINGS**

    This is a civil rights case brought pro se by a state prisoner. The remaining claim is plaintiff's contention that defendant Ferguson, who was the hearing officer on a rules violation report written against plaintiff, did not allow him an investigative employee or allow him to introduce evidence at the hearing. Defendant has moved for summary judgment and plaintiff has opposed the motion. Plaintiff has also filed several other motions. For the reasons set out below, summary judgment will be granted.

**A.    Defendant's Motion for Summary Judgment**

    **1.    Summary Judgment Standard**

    Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

///

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

### 2. Analysis

One ground for defendant's motion for summary judgment is his contention that the claim is barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-487. A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.*

In this case it is undisputed that plaintiff lost ninety days of good time credits as a result of the disciplinary hearing that gave rise to the claims here, so success in this case would implicate the length of his sentence. Plaintiff's only response to defendant's *Heck* contention is that *Heck* should not apply because his was a rule violation conviction rather than a criminal conviction. This contention has been specifically rejected by the United States Supreme Court. *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* applies to disciplinary decisions that involve a loss of good time credits). The motion for summary judgment will be granted on the *Heck* ground.

**B.   Plaintiff's Motions**

Plaintiff has filed a motion for leave to file a fourth amended complaint, a motion for leave to file a supplemental complaint, a motion for an order allowing him to interview inmate witnesses, and a motion for an extension of time to file his opposition to the defendant's motion for summary judgment.

In the proposed fourth amended complaint plaintiff adds a defendant, Cook, who is alleged to have used the disciplinary conviction and the facts underlying it as grounds for confirming the disciplinary decision and placing plaintiff in the Security Housing Unit ("SHU"). Because this claim also goes to the length of plaintiff's sentence – that is, to succeed plaintiff would have to prove that decisions affecting the length of his sentence were unconstitutional – *Heck* would as surely bar the claims in the amendment as it does those in the present complaint. Allowing the amendment thus would be futile. The motion will be denied. *See Adam v. State of Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001) (futility is proper grounds for denying leave to amend).

In the proposed supplement to the complaint plaintiff seeks to add allegations regarding conditions in the SHU. This motion will be denied as moot.

Plaintiff does not allege in the motion requesting an order to allow him to interview other inmates that the information he hopes to gain would go to the *Heck* issue, and there does not appear to be any way that it could. The motion will be denied as moot.

Because in his motion for an extension of time plaintiff asks for more time to conduct discovery, the motion might be interpreted as being brought under Rule 56(f) of the Federal Rules of Civil Procedure, which allows a motion for summary judgment to be denied or stayed when the opposing party needs more time for discovery. In this case, however, plaintiff has not established that any delay would produce evidence having to do with the *Heck* issue, the issue which is dispositive. The motion will be denied to the extent it is brought under Rule 56(f) and granted to the extent it is a request to extend time to file the opposition.

///

///

**CONCLUSION**

1. Plaintiff's motions for leave to file an amended complaint (document number 12 on the docket) is **DENIED**. His motion for leave to file a supplement to the complaint and his motion for an order allowing him to interview other inmates (documents 17 and 23 on the docket) are **DENIED** as moot. To the extent his motion for an extension (document number 30) is a motion under Rule 56(f) of the Federal Rules of Civil Procedure it is **DENIED**. To the extent it is a motion for an extension of time to file the opposition to defendant's motion for summary judgment it is **GRANTED** and the opposition is deemed timely.

2. Defendant's motion for summary judgment (document number 25 on the docket) is **GRANTED**. The case is **DISMISSED** without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (*Heck* dismissal should be without prejudice to filing a new case if the claim ever accrues, i.e., if the conviction is set aside by other means). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  March 18, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\MORALES175.MSJ.wpd

4