UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS MORALES,

        Plaintiff,

   v.

PELICAN BAY STATE PRISON, JACQUEZ, FERGUSON, and COLEMAN,

        Defendants.
                                         /

No. C 06-4175 PJH (PR)

**ORDER GRANTING LEAVE TO FILE SUPPLEMENTAL COMPLAINT, ORDERING SERVICE, AND ORDERING DEFENDANT FERGUSON TO FILE ELECTION; RULINGS**

       This is a civil rights case brought pro se by a prisoner at Pelican Bay State Prison. Summary judgment was granted for defendant Ferguson, the only defendant remaining in the case, but plaintiff's motion to alter or amend the judgment subsequently was granted and the case reopened. Plaintiff's contention was that defendant Ferguson, who was the hearing officer on a rules violation report written against plaintiff, did not allow him an investigative employee or allow him to introduce evidence at the hearing.

       After reopening, the case was stayed and referred to a magistrate judge to conduct settlement proceedings. The case did not settle, so the court lifted the stay and entered a scheduling order. The court subsequently extended the time for plaintiff to file a motion for leave to file an amended complaint or a supplemental pleading. Within that time, plaintiff filed a motion for service on a new defendant, M. A. Cook; attached to it was a supplemental pleading incorporating allegations against Cook. The "supplemental" complaint also contains additional claims against Ferguson, such as that he violated plaintiff's equal protection rights by basing his decision on plaintiff's ethnicity, so it is both an amended complaint and a supplemental complaint.

Plaintiff then moved to stay decision on Ferguson's motion for summary judgment because it was not directed to the supplemental complaint. In opposition, Ferguson pointed out that the court had not granted leave to file the supplemental complaint, but rather had only set a deadline for moving for leave to file an amended or supplemental complaint. Plaintiff, recognizing his error, has moved to treat the motion for service as a motion for leave.

The court may permit a party to serve supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The power to grant supplemental pleadings is discretionary and "upon such terms as are just." *Id.* Matters newly alleged in a supplemental complaint must have some relation to the claim(s) set forth in the original pleading. *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).

The new claims against Cook in the supplemental complaint involve Cook's having been the presiding officer at two Institutional Classification Committee hearings that were triggered by the rule violation conviction imposed by Ferguson and which resulted in Security Housing Unit terms. These claims do have "some relation" to the existing claims.

Leave to permit supplemental pleading is favored. *Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). As to amendments, Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

Although this case is rather old, much of the delay was by the erroneous *Heck* dismissal and by the stay to allow settlement discussions, neither of which are chargeable to plaintiff. And although plaintiff's error in misreading the court's deadline for filing a motion for leave to file a supplemental complaint as being a deadline for actually filing such a supplemental complaint is chargeable to him, the error was not egregious. The motion for leave to file the supplemental complaint will be granted.

///

**CONCLUSION**

1. Plaintiff's motion for the court to treat his motion for service as a motion for leave to file a supplemental complaint (document 62 on the docket) is **GRANTED**. The motion for service treated as a motion for leave to file a supplemental complaint (document 56) is **GRANTED**. The clerk shall file the supplemental complaint (document 64), which now is the operative complaint in this case.

2. Within ten days of entry of this order, defendant Ferguson shall file an election stating whether (1) he wants the court to treat the existing motion for summary judgment, which after the supplemental complaint goes only to some of the claims against him, as a motion for partial summary judgment; or (2) would prefer to withdraw it and instead incorporate the arguments it contains in a comprehensive summary judgment motion going to all claims and defendants. Plaintiff's motion to withhold ruling on the motion for summary judgment (document 59) is **GRANTED** to the extent that the court will not rule on the motion for summary judgment until after Ferguson has filed the election ordered above. When the election has been filed the court will enter a new scheduling order.

3. The clerk shall issue summons and the United States Marshal Service shall serve the supplemental complaint and a copy of this order on the new defendant, Associate Warden M. A. Cook, who plaintiff states can be found at Pelican Bay State Prison. The forthcoming scheduling order will set deadlines applicable to Cook, after Ferguson makes the election discussed above.

**IT IS SO ORDERED.**

Dated: December 7, 2009.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.06\MORALES175.EX-AMEN.wpd