United States District Court
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5                          OAKLAND DIVISION

6

7   JOSE LUIS MORALES,

8              Plaintiff,                    No. C 06-4175 PJH (PR)

9        v.
                                        **ORDER GRANTING MOTION**
10  PELICAN BAY STATE PRISON,           **FOR SUMMARY JUDGMENT**
    JACQUEZ, FERGUSON, and
11  COLEMAN,

12             Defendants.
    _____/
13

14       This is a civil rights case filed pro se by a state prisoner.  Plaintiff contends that

15  defendant Ferguson, who was the hearing officer on a rules violation report written against

16  plaintiff, violated his constitutional rights with respect to the hearing, and that defendant

17  Cook, as presiding officer at two Institutional Classification Committee meetings, violated

18  his rights by classifying him for Security Housing Unit housing on the basis of the allegedly

19  unconstitutional disciplinary conviction.  Defendants have moved for summary judgment

20  and plaintiff has opposed the motion.  Plaintiff has also filed several other motions.  For the

21  reasons set out below, summary judgment will be granted.

22                            **BACKGROUND**

23       Summary judgment was granted for defendant Ferguson, the only defendant

24  remaining in the case at that time, on grounds that plaintiff's claims were barred by the rule

25  announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff's motion to alter or amend

26  the judgment was granted when he established that the good time he had lost from the

27  disciplinary decision had been restored to him, meaning that a favorable result here would

28  not implicate the length of his confinement and that the case was not subject to *Heck*.  The

**United States District Court**
For the Northern District of California

1   case was reopened.  After reopening, the case was stayed and referred to a magistrate

2   judge to conduct settlement proceedings.

3        The case did not settle.  Plaintiff filed a supplemental pleading that included claims

4   against a new defendant, M. A. Cook, and additional claims against Ferguson; this is now

5   the operative complaint in the case.  The court ordered service on Cook and ordered

6   Ferguson to elect whether to continue with a motion for summary judgment he had filed,

7   which after the supplemental complaint did not go to all the claims against him, or file a new

8   comprehensive motion.  Ferguson elected to file a comprehensive motion, and he and

9   Cook have jointly done so.

10                                       **DISCUSSION**

11  **A.    Standard of Review**

12       Summary judgment is proper where the pleadings, discovery and affidavits show

13  that there is "no genuine issue as to any material fact and that the moving party is entitled

14  to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may

15  affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

16  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury

17  to return a verdict for the nonmoving party.  *Id.*

18       The moving party for summary judgment bears the initial burden of identifying those

19  portions of the pleadings, discovery and affidavits which demonstrate the absence of a

20  genuine issue of material fact.  *Celotex Corp. v. Cattret*, 477 U.S. 317, 323 (1986); *Nissan*

21  *Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving

22  party has met this burden of production, the nonmoving party must go beyond the

23  pleadings and, by its own affidavits or discovery, set forth specific facts showing that there

24  is a genuine issue for trial.  If the nonmoving party fails to produce enough evidence to

25  show a genuine issue of material fact, the moving party wins.  *Id.*

26  **B.    Analysis**

27       Defendants contend that plaintiff's claims are precluded by the state court denial of

28  his habeas petition raising the same claims.  Defendants' motion to take judicial notice of

**United States District Court**
For the Northern District of California

1  the state court record in *In re Jose Luis Morales*, Del Norte County Superior Court HCB07-

2  5062, and in *In re Jose Luis Morales*, First District California Court of Appeal A 118146, will

3  be granted.  *See* Fed. R.Evid. 201; *Biggs v. Terhune*, 334 F.3d 910, 915 n. 3 (9th

4  Cir.2003), *overruled in part on other grounds*, *Hayward v. Marshall*, 603 F.3d 546, 555 (9th

5  Cir. 2010) ("[m]aterials from a proceeding in another tribunal are appropriate for judicial

6  notice").

7          Under the circumstances discussed below, the doctrine of claim preclusion

8  (sometimes called "res judicata") bars parties from relitigating in federal court claims that

9  were litigated or could have been litigated in a prior action in state court, provided the prior

10  action was decided on the merits.  *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).  In

11  applying claim preclusion, the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738,

12  requires that a federal district court "give to a state-court judgment the same preclusive

13  effect as would be given that judgment under the law of the State in which the judgment

14  was rendered."  *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

15  That the previous state court case was a habeas action and the federal case is a section

16  1983 action, as here, makes no difference, despite the difference in the relief available in

17  the two proceeds.  *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir.1981)

18  (describing the difference in relief available in the state habeas case versus the federal

19  section 1983 case as "unimporant.").

20          The Ninth Circuit recently set out California's test for preclusion:

21                  Under California's claim preclusion doctrine "a valid, final judgment on
        the merits precludes parties or their privies from relitigating the same 'cause
22        of action' in a subsequent suit" (*Le Parc Cmty. Ass'n v. Workers' Comp.
        Appeals Bd.*, 110 Cal.App.4th 1161 (2003)).  Thus three requirements have to
23        be met: (1) the second lawsuit must involve the same "cause of action" as the
        first one, (2) there must have been a final judgment on the merits in the first
24        lawsuit and (3) the party to be precluded must itself have been a party, or in
        privity with a party, to that first lawsuit.

25

26  *San Diego Police Officers' Ass'n v. San Diego City Employees' Reitrement Sys.*, 568 F.3d

27  725, 734 (9th Cir. 2009).

28  ///

**United States District Court**
For the Northern District of California

1    As to the third requirement, the person against whom preclusion is sought – plaintiff

2  – was a party to the previous case.  The second requirement is that the state court decision

3  be final and have been on the merits.  The state court decision is final, because the court of

4  appeal's denial occurred on June 28, 2007, and plaintiff does not dispute that he did not

5  petition for review.  The California Superior Court denied the petition on the merits, saying

6  that "Petitioner has failed to establish sufficient grounds or circumstances upon which relief

7  may be granted.  Sufficient evidence supported the administrative decision.  No abuse of

8  administrative discretion is shown."  Mot. Jud. Notice, Ex. 2.  The California Court of Appeal

9  ruling simply said "The petition for a Writ of Habeas Corpus is denied."  *Id.* at Ex. 4.  These

10  decisions were on the merits.  *See Hunter v. Aispuro*, 982 F.2d 344, 347-48 (9th Cir. 1992)

11  (California Supreme Court's ruling "Petition for writ of habeas corpus DENIED[]" is a ruling

12  on the merits).  The second requirement therefore is satisfied.

13    The first requirement, that the cases involve the same "cause of action," requires a

14  bit more discussion.

15    California law holds a final judgment of a state court "precludes further
16  proceedings if they are based on the same cause of action." *Maldonado* [*v.
   Harris*], 370 F.3d [945], 952 [9th Cir. 2004].  Unlike the federal courts, which
   apply a "transactional nucleus of facts" test, "California courts employ the
17  'primary rights' theory to determine what constitutes the same cause of action
   for claim preclusion purposes." *Id.*
18

19    Under this theory, "a cause of action is (1) a primary right possessed
   by the plaintiff, (2) a corresponding primary duty devolving upon the
20  defendant, and (3) a harm done by the defendant which consists in a breach
   of such primary right and duty." *City of Martinez v. Texaco Trading & Transp.,*
   *Inc.*, 353 F.3d 758, 762 (9th Cir.2003), *citing Citizens for Open Access to*
21  *Sand and Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998).
   "[I]f two actions involve the same injury to the plaintiff and the same wrong by
22  the defendant, then the same primary right is at stake even if in the second
   suit the plaintiff pleads different theories of recovery, seeks different forms of
23  relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*,
   147 Cal. App. 3d 1170, 1174 (1983), *quoted in San Diego Police Officers'*
24  *Ass'n*, 568 F.3d at 734.

25  *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009).

26    The state court records attached to defendants' request for judicial notice show that

27  petitioner raised in his state court habeas petition the same claims he presents here.

28  *Compare* Mot. Jud. Notice, Ex. 1 at AGO 0008-AGO 0019 (superior court petition), Ex. 3 at

4

United States District Court

For the Northern District of California

1    AGO 0076-77(court of appeal petition), *with* Supp. Compl. at 5-11.  The California Superior

2    Court denied the petition on the merits, saying that "Petitioner has failed to establish

3    sufficient grounds or circumstances upon which relief may be granted.  Sufficient evidence

4    supported the administrative decision.  No abuse of administrative discretion is shown." *Id.*

5    at Ex. 2, AGO 0070.

6         "The critical focus of primary rights analysis 'is the harm suffered.' *San Diego Police*

7    *Officers Ass'n*, 568 F.3d at 734, *quoting Agarwal v. Johnson*, 25 Cal.3d 932, (1979); *see*

8    *also City of Martinez*, 353 F.3d at 762."  *Brodheim*, 584 F.3d at 1268. Unlike in *Brodheim*,

9    here the harms alleged are the same in both cases, state and federal, namely violations of

10   petitioner's constitutional rights at the disciplinary hearing, causing him to be given a SHU

11   term.  And the same wrongs by defendants are involved, that is, alleged violation of

12   plaintiff's constitutional rights in the course of the disciplinary hearing giving rise to his

13   assignment to the SHU.  The same primary right was involved in both cases, and thus the

14   third of the California requirements for preclusion is satisfied.

15        In opposition, plaintiff contends that a decision in a habeas case cannot be

16   preclusive in a civil rights case, citing *Burgos v. Hopkins*, 14 F.3d 787, 790-91 (2d Cir.

17   1994).  He is correct that the court in *Burgos* so held, but the rule is otherwise in the Ninth

18   Circuit, and of course this court must follow Ninth Circuit law.  *See Silverton*, 644 F.2d at

19   1347.  He also relies on the Supreme Court's statement in *Preiser v. Rodriguez*, 411 U.S.

20   475 (1973), that its holding there that attacks on the fact or length of confinement must be

21   brought in habeas "in no way precludes [a prisoner] from simultaneously litigating in federal

22   court, under § 1983, his claim relating to the conditions of his confinement." *Id.* at 499 n.14.

23   This statement, however, does not address the potential preclusive effect of a final

24   judgment in one of those simultaneous cases.  Plaintiff's other arguments also are without

25   merit.

26        All of the California requirements for application of claim preclusion having been

27   satisfied, the court concludes that the present claims are bared by claim preclusion.

28                                    **CONCLUSION**

**United States District Court**
For the Northern District of California

1        1.  Defendants' motion for judicial notice (document number 77 on the docket) is

2    **GRANTED**.

3        2.  Plaintiff's motion for an order allowing him to interview inmate witnesses

4    (document 70) is **DENIED** because the court has disposed of the motion for summary

5    judgment on a purely legal ground, as to which inmate statements would not be relevant.

6        3.  Plaintiff's motion for leave to file a motion to reconsider actually is a motion for

7    leave to file a surreply.  The motion (document 90) is **DENIED** because plaintiff has failed

8    to establish any reason why his arguments regarding preclusion could not have been

9    presented in his opposition; in any event, they are without merit.

10       4.  For the foregoing reasons, defendants' motion for summary judgment (document

11   number 76 on the docket) is **GRANTED**.  The complaint is **DISMISSED** with prejudice.  The

12   clerk shall close the file.

13       **IT IS SO ORDERED.**

14   Dated:  September 21, 2010.       _____

15                           PHYLLIS J. HAMILTON
                         United States District Judge

27   P:\PRO-SE\PJH\CR.06\MORALES175.MSJ2.wpd