UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOSE LUIS MORALES,

        Plaintiff,

    v.

PELICAN BAY STATE PRISON, JACQUEZ, FERGUSON, and COLEMAN,

        Defendants.
                                      /

No. C 06-4175 PJH (PR)

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

        This is a civil rights case filed pro se by a state prisoner. Plaintiff had unsuccessfully raised the same claims in state habeas petitions. In granting the only remaining defendants' motion for summary judgment, the court held that plaintiff''s claims were barred by claim preclusion. Plaintiff has filed a timely motion to alter or amend the judgment. *See* Fed. R.Civ.P. 59(e).

        A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law."' *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *Id.* at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Twentieth*

1  *Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

2  Plaintiff cites *Alpha Mechanical, Heating & Air Conditioning, Inc., v.
3  Travelers Casualty & Surety Company*, 133 Cal. App. 4th 1319, 1327 (2005), for the
4  proposition that in California preclusion cannot apply unless in the earlier case an
5  adversary hearing was held. Here, both the superior court and the court of appeal rejected
6  plaintiff's petitions on the merits and without a hearing.

7  It is true that the *Alpha* court, in setting out the background of California preclusion
8  law, quoted *Vella v. Hudgins,* 20 Cal.3d 251, 257 (1977): "'The doctrine of res judicata,
9  whether applied as a total bar to further litigation or as collateral estoppel, rests upon the
10 sound policy of limiting litigation by preventing a party who has had one fair adversary
11 hearing on an issue from again drawing it into controversy and subjecting the other party to
12 further expense in its reexamination.'" *Alpha*, 133 Cal. App. 4th at 1327 (quoting *Vella*, 20
13 Cal.3d at 257) (internal quotation marks omitted). *Alpha* itself disproves plaintiff's
14 interpretation of this point, however; in that case the court of appeal held that a dismissal
15 with prejudice before trial was preclusive. *Id.* at 1331-32. There was no clear error.

16 Plaintiff also seeks leave to file an addendum to the motion to alter or amend The
17 motion (document number 98 on the docket) is **GRANTED**.

18 In the addendum he asserts that *Brodheim v. Cry*, 584 F.3d 1262 (9th Cir. 2009),
19 cited by this court for its discussion of California preclusion rules, was wrongly decided.
20 This court is bound by *Brodheim*, and cannot disregard it. The addendum provides no
21 basis for altering or amending the judgment.

22 Plaintiff's motion to alter or amend the judgment (document number 96) is **DENIED**.

23 **IT IS SO ORDERED.**

24 Dated: September 19, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.06\MORALES175.recon2.wpd